Godell *v.* Taylor.

the contract of the wife is void, and cannot be enforced. 5 *Day,* 492; 2 *Kent. C.* 140; 6 *Wend.* 1.

*Willey,* contra.

---

### GODELL *v.* TAYLOR, ET AL.

Fraudulent conveyance—advancement—insolvency.

A father may convey land to a child by way of advancement, but if he do so insolvent, or in debt contemplating insolvency, the advancement will be postponed to his creditors.

A conveyance, with intent that the property should be held in trust for the party making it, is void as to creditors.

It is a strong badge of fraud, that a son to whom property is conveyed, who pretends he has paid for it, in paying debts for his father, is not able to show when, and to whom he paid, and how much.

CHANCERY. This bill was filed by a judgment creditor of William

Godell *v.* Taylor.

Taylor, an insolvent debtor, to set aside a conveyance of a house and lot, in Cleveland, alleged to have been conveyed by him to his *son, the other defendant, in order to defraud creditors. The [**83** answer of the son is equivocal. It sets out no particular consideration, merely asserting that the son paid debts for his father, without showing what debts or sums were paid, except a mortgage for a part of the original purchase money of the lot, which was due from the father. Proof was taken.

*Allen* and *Willey,* for the complainant.

*S. J. Andrews,* contra.

BY THE COURT. A father may honestly advance his son, and convey to him a good title to land for that purpose ; but if he does it when insolvent, or with a view to insolvency, or while deeply in debt, the conveyance will be postponed to creditors. If he conveys with intent that the property shall be held in trust for himself, the conveyance is void. We agree with the counsel for the defendant, that it is not of itself a wrong act for a child to provide for his parent, for it is his duty so to do, if able, and such act is highly commendable. In this case, the consideration named in the deed is admitted not to have been paid, and the lot was not conveyed in the usual course of business ; but the son says he was to pay, and has paid debts for his father, though he shows no particular debts, and avows his inability to show how or what he has paid. He admits that his father's family have occupied the premises since the conveyance, the same as they did before. It is proved that the father finished the house and paid the bills, and that he said *he intended to fix the property* so *that his creditors should not get at it.* We have no doubt the sale is fraudulent. It is incredible that the son, as he pretends, should have bought the property, and paid for it in the way pretended, and not be able to show to whom he paid, when, and how much. He stands in a situation where he should repel the suspicion which attached to the sale, by a statement of all the circumstances ; and the omission so to do is a strong, if not a conclusive, circumstance of fraud.

A decree may be drawn, subjecting the property to the complainant's demand, and if not paid, ordering a master to sell the house and lot, and of the proceeds to pay the balance of the original purchase money, if any is due, then the complainant, and to bring the residue of the proceeds into court.